## MECHANICS & TRADERS INSURANCE CO. OF NEW ORLEANS v. LOCAL BUILDING & LOAN ASS'N et al.

No. 17231. Opinion Filed Oct. 4, 1927.

Rehearing Denied Nov. 22, 1927.

(Syllabus.)

1. **Insurance—Nonliability on Fire Policy Where Insured Was Innocent Purchaser from Grantor Holding Under Forged Deed and True Owner Obtained Judgment Quieting Title Before Fire Loss.**

Where a person holding premises as an innocent purchaser, under a deed from a grantor who held under a forged deed, procured a policy of insurance on a dwelling house located thereon, which policy provides, "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership," and where, prior to the destruction of such dwelling house by fire, the true owner thereof files suit in a court of competent jurisdiction to set aside said deed and, pending the trial, such property is destroyed by fire and, thereafter, but before suit is brought to recover on such policy, such owner obtains judgment in his favor setting aside said deed, and thereafter suit is brought by insured to recover on such policy, held, such policy is void and no recovery can be had thereon.

2. **Evidence—Judgment Record to Prove Facts Regarding Judgment.**

A judgment record is always admissible to prove the fact that a judgment has been rendered, the time of its rendition, and the terms and effect of the judgment, for the mere fact that a judgment was given, this being a thing done by public authority, can never be considered as res inter alios acta, nor can the legal consequences of the rendition be so considered.

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by the Local Building & Loan Association against the Mechanics & Traders Insurance Company of New Orleans, La., and Annie Hubka. Judgment for defendant Annie Hubka on cross-petition. Defendant Mechanics & Traders Insurance Company appeals. Reversed and remanded.

Rittenhouse Lee, Webster & Rittenhouse, for plaintiff in error.

Everest, Vaught & Brewer and M. S. Singleton, for defendants in error.

HERR, C. The plaintiff in error will be referred to as the defendant, and defendant in error Local Building & Loan Association as plaintiff, and defendant in error Annie Hubka as cross-petitioner, as the parties appeared in the trial court.

This is a suit by the plaintiff against the defendant and cross-petitioner to recover on a mortgage loss payable clause attached to a fire insurance policy. The policy covered a dwelling house located on lots 1 and 2, in block 10, Neas addition to Oklahoma City, and was issued to cross-petitioner on the 15th day of August, 1921, she claiming at said time to be the owner of the premises. The title to said premises was, in truth and in fact at said time in one J. D. Shegog, of Ennis, Tex.

On the 21st day of September, 1920, one Emma V. Allen, who was then in possession of said premises and claiming to be Mrs. J. D. Shegog, executed, in the name of Mrs. J. D. Shegog, a mortgage on said premises to the plaintiff in the sum of $2,500. Thereafter, and on the 14th day of June, 1921, the said Emma V. Allen, in the name of Mrs. J. D. Shegog, deeded said premises to Harry H. Jones, who is turn, and on the 15th day of August, 1921, deeded said premises to Annie Hubka, cross-petitioner herein. These instruments executed by Emma V. Allen were forgeries. On September 19, 1922, the owner, J. D. Shegog, filed his action in the district court of Oklahoma county to quiet title, for possession and cancellation of said deeds and mortgage. On April 10, 1924, judgment in said cause was rendered in favor of the said J. D. Shegog adjudging him to be the owner of said premises and canceling said deeds and mortgage.

The property was destroyed by fire April 2, 1924. The policy of insurance was issued by defendant to cross-petitioner, and had attached thereto the usual mortgage clause. On the 11th day of June, 1924, plaintiff filed this suit in the district court of Oklahoma county to recover on the mortgage clause attached to the policy. Defendant Anni Hubka, referred to herein as cross-petitioner, filed her cross-petition against the defendant to recover on the policy issued to her. The defendant answered, basing its defense on the sole and unconditional ownership clause of the policy. The case was tried by the court on November 17, 1925, and resulted in a judgment in favor of cross-petitioner and against defendant in the sum of $1,076. The rights as between the cross-petitioner and plaintiff are not settled by the judgment, but, under express provision thereof, by agreement of counsel, such rights are left open for future determination. To reverse this judgment defendant appeals to this court.

It is contended by the defendant, under the above state of facts, that the policy is void as to both plaintiff and cross-petitioner. We think this contention is well taken. The policy sued on contains the following provision:

"This entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple."

The question then is, Was cross-petitioner, at the time of the issuance of the policy and destruction of the premises by fire, the sole and unconditional owner of said premises within the meaning of the terms of the policy? We think not. It is true she was in possession under claim of title, but she had the mere naked possession without either right of possession or title, and was, prior to the institution of this suit, divested of such possession by the rightful owner.

Neither plaintiff nor cross-petitioner suffered loss or damage by reason of the fire. Their loss was occasioned by the forged mortgage and deed, and they are in the same position as they would have been had the fire never occurred. The plaintiff's mortgage is void. In fact, it has no mortgage. It is, therefore, clear that plaintiff cannot maintain this action.

Cross-petitioner not being the sole and unconditional owner of the premises, the policy is void as to her.

In the case of Globe & Rutgers Fire Ins. Co. v. Creekmore et al., 69 Okla. 238, 171 Pac. 874, the holding of this court is as follows:

"The condition of a fire insurance policy that the same shall be void if the interest of the insured be other than unconditional and sole ownership, etc., is a reasonable and valid provision, and if the insured has not such title or interest, he cannot recover on the policy."

In the above case the insured was claiming under a contract from the Osage Land & Development Company. The title was in the incorporators, individually. The following indorsement was on the policy:

"This indorsement is made for the purpose of showing that the assured under this policy are the sole and undisputed owners of the property as described in this policy of insurance. That the title to the land as described in this policy is yet in the Osage Land & Development Company, of Osage, Okla., and that they have made contract for deed, and that the same is to be delivered to Dud Moore when the balance of the payment due on the purchase price has been made, and that the buildings on the said lot are the property of the assured W. J. Creekmore, E. M. DeMoss and Dud Moore, as shown in this policy."

In discussing the liability of the insurance company under this indorsement, beginning at page 240, the court says:

"It appears that the defendants in error believed in good faith that the Osage Land & Development Company had the legal title to this property, and full authority to execute the contract in question to Grissinger, and that, relying thereupon, these defendants in error, believing that they would in time acquire a legal title to this property, erected these improvements thereon, and to protect themselves in case of fire, procured this insurance. The question involved here is not whether they had such an interest, which they were entitled to protect by insurance, but whether the policy in question was void by reason of the misstatements as to the character of the title thereto. * * * It must be conceded that it was the duty of the insured, where they were not the sole and unconditional owners of the property as contemplated by the policy, to correctly state to the insurer the character of title they claim thereto. This they attempted to do, and thought they were doing, when they told the agent of the company that the legal title to the property was in the Osage Land & Development Company and thought that they held a contract for a deed which was to be delivered to them when the purchase money was paid. This statement was not true, as the legal title to this property, from this record, was never owned by the Osage Land & Development

Company, and the authority of the company to execute a contract for a deed is not shown by the record, nor can it be inferred from the evidence. The defendants in error did not have an enforceable contract; that is, one by which they could go into a court of equity and force the company to execute to them a deed which would convey any title to this property to them.

"It must be borne in mind that Leroy Saddler held a mortgage upon this property; that Winans and Harn held a mortgage upon this property; that 28-58ths thereof had been conveyed to other parties; and that the legal title, as shown by the record, was in the three incorporators of the Osage Land & Development Company, and had never passed to the company at the time of the execution of this contract. Under the facts of the case, we must hold that the defendants in error never had an enforceable contract and were therefore not the sole and unconditional owners as contemplated by the provisions of the policy, and that the statement made by them at the time this indorsement was made upon the policy did not truly state the condition of the title, and on account thereof no liability can attach to the company by virtue of the policy."

In the case of Niagara Fire Ins. Co. v. Layne (Ky.) 172 S. W. 1090, the court holds:

"Where logging operations were completed on February 6, 1912, the president of the lumber company had no right even to occupy a building he had erected on lands of another under agreement to use it as a store only while the operations lasted, and a sale by him on February 6th passed no title and no insurable interest in the building to the purchaser."

In the above-cited case, one Collinsworth erected a building on the premises belonging to a Mr. Justice. Collinsworth had the right of possession, and the right of occupancy for a limited time but not the title. Collinsworth sold the building to Layne who procured insurance thereon. The building was destroyed by fire, and suit was brought by Layne on the policy, he being an innocent purchaser of the building. The insurance company pleaded the sole and unconditional ownership clause of the policy. The court held the policy void.

The Court of Appeals of Georgia, in the case of American Insurance Co. v. Bagley, 6 Ga. App. 736, 65 S. E. 787, says:

"A deed of bargain and sale from a wife to her husband to property in this state must, in order to be valid, be approved by the superior court. Such a deed unless approved will not confer upon the husband such a title as will comply with the condition of a fire insurance policy that it is

to be void if the insured does not hold the property by an unconditional fee simple title."

In the case of Porter v. Aetna Insurance Co., 19 Fed. Cases, No. 11,286, it is held:

"The insurance was in the name of P., describing the property as 'his'. Policy provided that 'if the interest or property insured be leasehold, or that of mortgage, or any other interest not absolute,' it must be made known and expressed in the policy. The property was purchased under a mechanic's lien sale by V., who placed in it the name of P., and procured the insurance as the agent of P. V. subsequently procured another title through a sheriff's deed under an execution sale. The mechanic's lien proceedings were void through want of jurisdiction. The court decided that P. had neither a legal nor equitable ownership to the extent represented in the policy, and could not recover."

See, also, Tyree v. Va. Fire & Marine Ins. Co. (W. Va.) 46 S. E. 706; Home Ins. Co. v. Smith (Tex. Civ. App.) 29 S. W. 264; Wilson v. Commercial Assur. Co. (Vt.) 96 Atl. 540; Phenix Ins. Co. v. Hillard (Fla.) 52 South. 799; French v. Delaware Ins. Co. (Ky.) 180 S. W. 85; Hessen v. Ia. Automobile Ins. Co. (Ia.) 190 N. W. 150.

The case cited by plaintiff and cross-petitioner to sustain the judgment of the trial court are not in point. In some of the cases cited, the title of the insured was merely imperfect; insured had all the title, the whole title, and the same could very readily have been perfected. In the other cases cited, there was no adverse claimant to the property and the courts refused to permit the insurance company to assert claim for some supposed or unknown adverse claimant.

Counsel rely mainly on the following cases: Barnett v. London Assur. Corp. (Wash.) 245 Pac. 3; Norris v. Alliance Insurance Co. (N. J. Sup.) 123 Atl. 762; Savarese v. Hartford Insurance Co. (N. J. L.) 123 Atl. 763.

In the case first above cited the holding of the court is as follows:

"That automobile, purchased in good faith by one securing theft policy thereon, was stolen from original owner would not prevent recovery on policy because of provision invalidating it, if insured's interest be other than unconditional and sole ownership."

In the body of the opinion, at page 4, the court, quoting from the opinion in the case of Norris v. Alliance Insurance Co., supra, says:

"The defendant's difficulty is that there is no proof that the insured machine was stolen from its original owner, but, if this be granted, plaintiff's title was good against every one but the true owner, and he is unknown and makes no claim of ownership, and plaintiff has never been evicted. He owned it against all the world but a supposed owner, from whom we are asked to infer it was stolen. None but he can assert ownership against the plaintiff, which he does not do, and defendant has no right to do it for him. The plaintiff did not, knowingly, make any false representation to defendant as to his ownership; he supposed he was the unconditional and sole owner without any fact known to him to the contrary, and, so far as this record shows, was and is the only person claiming ownership. So far as defendant is concerned, it is the same as if the automobile had been lost and found by plaintiff, who is the true owner, until evicted by one holding better title. The possession of property is prima facie proof of title."

The case last above cited involves the same state of facts as the above case, and makes the identical quotation above set forth.

It occurs to us that these cases are not in point, for the reason that cross-petitioner had been dispossessed of the premises prior to the filing of the suit; defendant was not attempting to assert title for an unknown claimant; the true owner had asserted title and given notice thereof eighteen months prior to the fire, and had definitely established his title in court prior to the filing of the suit in the instant case.

If, in the above cited cases, it had been undisputed that the car was a stolen car, and the original owner had definitely established his claim to the car prior to the filing of the suit, there is no doubt but that a different conclusion would have been reached, and that the holding in such cases would have been the same as the holding of the Supreme Court of Iowa in the case of Hessen v. Iowa Automobile Ins. Co., supra.

In the Iowa case last above cited, insured was the innocent purchaser of a stolen automobile which he insured against theft. The car was stolen; he brought suit on the policy. The court held, not being the sole and unconditional owner, he could not recover. At the trial of the case it was undisputed that the car was stolen. As to whether or not an adverse claim was asserted against the car, the opinion does not definitely state, but it is probable that such was the case as, at the trial, it was not denied that the car was a stolen car.

It is further contended that cross-petitioner had some right under the Occupying Claimant's Act and had therefore an insurable interest in the property and is entitled to recover on this theory. The case was not tried in the lower court on such theory, but, if it be permissible to present the case here on such theory, and, in fact, cross-petitioner had an insurable interest by reason thereof, a complete answer to such contention is that defendant did not insure such interest.

The same contention was made before the Circuit Court for the Western Division of Michigan, in the case of Porter v. Aetna Ins. Co., supra. In that case the insured procured title under purchase at a mechanic's lien sale. It was later determined that the court foreclosing the lien was without jurisdiction. The sale was, therefore, void, and the purchaser acquired no title. In a suit on the insurance policy, the insurance company relied on the sole and unconditional ownership clause, and the court says:

"Now, we suppose a party in actual possession, and having no other title than mere naked possession, may be said, so far as his right goes, to have an absolute interest.

"The terms of the policy, as we have said, are 'if the interest or property insured be not absolute.' We should, therefore, be disposed to say that whatever interest or whatever property he had, was not conditional but absolute. We do not mean that he had an absolute property in the building, for that implies the exclusive right and possession.

"But when we turn to the other question, whether there was an insurable interest, we find it is a principle in insurance that the underwriter is entitled to know in whom the interest insured is; for he is entitled to know how far the person insured is interested in guarding the property from loss.

"If, in law and in fact, Porter had no interest other than mere naked possession, and the real interest was in another, had he the interest in the property that was insured? The interest insured was the hotel property. * * * There is a distinction between having an interest and having the property." * * *

"The interest insured, then, was the property, and was it Porter's property? Was the hotel owned by him? Not unless naked possession with property in another makes ownership. The company insured 'his three-story brick hotel building' in the language of the policy. Was it his hotel building when his greatest interest was a mere possession, without right of possession, and without right of property?

"The company was not informed that Porter was not the owner of the property. So far as the case at present appears, they were not informed that his interest was not the entire property; they were not informed in whom the interest insured was. * * *

"The nature of Porter's interest should have been communicated to the company; if it was not, the contract of indemnity should not be held valid. And while it may be true that naked possession, so far as it gives an interest, is an absolute interest, still, we are of the opinion that Porter did not own the property or interest which was insured, according to the testimony of this case. He had, at best, a nominal interest. * * *

"We think, as the case stands, there was neither legal nor equitable ownership in Porter of this hotel property, to the extent which he was represented to have, or to the extent which is insured, to wit: 'His three-story brick hotel building.' He was not the owner of the entire property, or of any part or interest in it, save a mere naked possession, and that was not such an interest as was insured."

It is contended by counsel for plaintiff that the judgment of the district court of Oklahoma county canceling plaintiff's mortgage and cross-petitioner's deed was improperly admitted, and there was, therefore, no competent evidence tending to establish that cross-petitioner was not the owner of the premises, and that the judgment should be sustained on this theory. No objection was made to its admission. The trial court considered it competent evidence and on such evidence found such instruments to be forgeries. If such evidence was, in fact, inadmissible, counsel could not at this time complain. The judgment was, however, competent and properly admitted in evidence. 22 C. J. 801; Ormsby v. Phenix Insurance Co. (S. D.) 58 N. W. 301.

For the reasons herein stated, judgment of the trial court should be reversed, and the cause remanded, with directions to enter judgment in favor of the defendant.

TEEHEE, JEFFREY, REID, and LEACH, Commissioners, concur.

HALL and DIFFENDAFFER, Commissioners, dissent.

Note.—See under (1) 26 C. J. p. 170, §208; 14 R. C. L. p. 1052 et seq.; 3 R. C. L. Supp. p. 333; 5 R. C. L. Supp. p. 793; 6 R. C. L. Supp. p. 851. (2) 22 C. J. p. 801. §913.