## NATIONAL UNION FIRE INS. CO. v. SHORT et al.

Circuit Court of Appeals, Sixth Circuit.
May 16, 1929.

No. 5128.

Frank M. Drake, of Louisville, Ky. (George B. Martin, of Catlettsburg, Ky., on the brief), for plaintiff in error.

Stanley Reed, of Ashland, Ky., and Staige Davis, of Charleston, W. Va. (A. R. Johnson, of Ironton, Ohio, John T. Diederich, of Ashland, Ky., Davis & Painter, of Charleston, W. Va., and Browning & Reed, of Ashland, Ky., on the brief), for defendants in error.

Before MOORMAN, HICKS, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. This writ is brought to review a judgment in favor of defendants in error on a policy of fire insurance issued by plaintiff in error upon a building situated in Kentucky. The salient facts are these:

On March 15, 1924, while defendant in error Nannie Short and her husband, I. W. Short, owned in fee the building in question, they mortgaged it to the defendant in error Mortgage & Discount Company. Later, on November 8, 1924, the husband conveyed to his wife his one-half interest in the property, subject to the mortgage. Still later, Nannie Short took out in her own name the insurance policy in question upon the entire property—loss, if any, payable to the Mortgage & Discount Company, as mortgagee (or trustee), as such interests may appear. Still later, and before the fire, the trustee in bankruptcy of I. W. Short brought suit against Nannie Short to set aside the deed from husband to wife, as made in fraud of the former's creditors and without consideration. While this suit was pending the fire occurred. After the fire judgment was rendered in the trustee's suit setting aside the transfer from husband to wife as fraudulent as to creditors of I. W. Short. The insurance company defended this suit to collect the fire loss, by reason of alleged breaches of familiar provisions of standard fire policies, viz.:

(1) That Mrs. Short was not "the unconditional and sole owner" of the property when the policy issued, and her interest was not truly stated—all because of the conveyance by husband to wife of the former's one-half interest in fraud of creditors, in fact not established until after the fire.

(2) That there was a fraudulent concealment of a material fact, in taking the policy without disclosing the nature of the conveyance to her by her husband of his one-half interest, which, as above stated, was not established until after the fire.

(3) That there was a "change of interest" after the policy was issued (but before the fire), when the trustee in bankruptcy attacked her title to her husband's former one-half interest, upon the ground which was held (after the fire) to be sufficient.

The trial court sustained plaintiff's demurrer to paragraphs 3 and 4 of the insurance company's answer (the other paragraphs being withdrawn), and rendered judgment against defendant for the face of the policy with interest—the amount of the mortgage debt to be paid the Mortgage & Discount Company, the balance to be paid to the bankruptcy trustee and Nannie Short jointly.

█ 1. Whatever might be the effect of the husband's conveyance to Nannie Short upon the rights of the latter and those of the trustee of the former under the insurance policy, we think it clear that the rights of the Mortgage & Discount Company would not thereby be impaired. The mortgage clause in the policy provides, so far as here pertinent, "Loss, if any payable to the West Virginia Mortgage & Discount Corporation * * * as mortgagee (or trustee), as such interest may appear. This policy, as to the interest therein of the said payee, as mortgagee (or trustee) only, *shall not be invalidated*[1] by any act or neglect of the mortgagor or owner of the within described premises, * * * nor by any change in the interest, title or possession of the property, nor by any increase of hazard," with a proviso that the mortgagee or trustee shall notify the insurer of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of the mortgagee (or trustee), and unless permitted by the policy the same shall be noted thereon, and the mortgagee (or trustee) shall, on demand, pay the premium for any increased hazard.

There is no claim that the mortgagee had any such knowledge. Under the great weight of authority, the effect of this mortgage clause when attached to a policy of insurance running to the mortgagor was to make "a new and separate contract between the mortgagee

---

[1] All italics in this opinion ours.

and the insurance company, and to effect a separate insurance of the interest of the mortgagee, dependent for its validity solely upon the course of action of the insurance company and the mortgagee, and unaffected by any act or neglect of the mortgagor, of which the mortgagee is ignorant, whether such act or neglect was done or committed prior or subsequent to the issue of the mortgage clause." Syndicate Insurance Co. v. Bohn (C. C. A. 8) 65 F. 165, 27 L. R. A. 614; Allen v. St. Paul, etc., Insurance Co., 167 Minn. 146, 149, 208 N. W. 816; Fayetteville Ass'n v. Mutual, etc., Co. (W. Va.), 141 S. E. 634 (1928); Westchester, etc., Ins. Co. v. Norfolk B. & L. Ass'n (C. C. A. 8), 14 F.(2d) 524, 526. The same result, however, follows from the views expressed under subdivisions 2, 3, and 4 of this opinion.

■ 2. Turning, then, to the rights of Mrs. Short and of her husband's trustee: We think the fact that the conveyance to Mrs. Short from her husband of his undivided one-half of the property, without pecuniary consideration therefor, and with intent on his part thereby to prevent its application to his personal debts, did not make her ownership other than unconditional and sole. Her title to the undivided one-half of the property previously held by her was entirely unassailable; and her title to the other one-half, conveyed to her by her husband, was good, not only as against him, but against all the world. There was no other or outstanding *title* except as possessed by her. There was no other *owner* in whole or in part. The most that can be said is that she held title to the undivided one-half interest in question, subject to the right of her husband's creditors to have the property applied to the payment of such judgments as they might obtain against him, just as she held her original undivided one-half subject to such judgments as her own creditors might obtain against her.

We find nothing to the contrary in the Kentucky Statutes (sections 1907 and 1907a), with their provisions for suit and notice of lis pendens and their subjection to the limitation statutes. Phillips v. Shipp, 81 Ky. 436. It seems clear that the statutory term "void" means "voidable." But the possibility that her husband's creditors might compel the enforcement of their claims out of the interest in question did not, under what we think the better line of authority, make her title other than sole and unconditional within the meaning of the insurance policy. Cooley's Briefs on Insurance (2d Ed.) p. 2184, where it is said: "A conveyance in fraud of creditors is regarded as vesting the grantee

with sole and unconditional ownership." This statement is supported by the following authorities: Steinmeyer v. Steinmeyer, 64 S. C. 413, 42 S. E. 184, 59 L. R. A. 319, 92 Am. St. Rep. 809, a case directly in point here; Groce v. Insurance Co., 94 Miss. 201, 207, 48 So. 298, 22 L. R. A. (N. S.) 732, which case, while the situation there involved was not precisely identical with the instant case, is highly .analogous; Rochester Loan & Banking Co. v. Liberty Ins. Co., 44 Neb. 537, 544, 62 N. W. 877, 48 Am. St. Rep. 745.[2] Defendant's counsel treats the Steinmeyer Case, supra, and Mechanics' & Traders' Ins. Co. v. Local Building & Loan Ass'n, 128 Okl. 71, 261 P. 170, as the only cases directly in point on the specific question here presented. We think the Oklahoma Case is not in point. There the title of the insured was under a deed from the grantor who *held under a forged deed,* and thus was not the holder of the legal title.

■ 3. We think it clear that the record does not sustain the charge of fraudulent concealment of an alleged lack of sole and unconditional ownership by the insured. Indeed, *that would seem to follow from the conclusion* that no lack of such ownership appears. We find in Home Insurance Co. v. Allen, 93 Ky. 270, 19 S. W. 743, nothing opposed to this proposition. There the insured property was conveyed by the insured to his wife, and the insured, in procuring the consent of the insurance company to the assignment of the policy to his wife, failed to disclose the fact that his creditors were *already assailing* the conveyance to his wife as fraudulent, and even had had *an attachment* levied upon the property as his.

We find in the answer no specific charge that plaintiff knew that her husband's conveyance to her was intended to defraud his creditors. Nor do we think it can be said, as matter of law, that any reasonably prudent person, situated as was the plaintiff, Nannie Short, would have known—in the absence of decisions to the contrary—that the representation of sole and unconditional ownership, and failure voluntarily to give further information about the consideration for her husband's conveyance, was fraudulent. Nor is there any charge of concealment, otherwise than by the affirmation (through acceptance

[2] In the case last cited it was said (page 544 [62 N. W. 880]): "It would seem that, had the loan company conveyed the title to this [the insured] property to Banks [the insured] without consideration and for the fraudulent purpose of placing it beyond the reach of the loan company's creditors, that that would not afford any defence to the insurance company."

of the policy) that she was such sole and unconditional owner, and a failure voluntarily to advise the insurer that her husband's conveyance was without pecuniary consideration, and thus subject to then existing liabilities generally on the part of his creditors. In the absence of specific request by the insurer for further information concerning the state of her title than contained in the policy, we think that, under the facts of this case, there was no concealment within the meaning of the contract. Clark v. Manufacturers' Ins. Co., 8 How. 235, 248, 12 L. Ed. 1061; Insurance Co. v. Snowden, 173 Ky. 664, 672, 191 S. W. 439.

█ 4. We do not think the commencement of suit against plaintiff Nannie Short by her husband's trustee *after* the issue of the insurance policy, but before the fire, amounted to a *change* of *interest* within the policy provision invoked. It seems very clear that no change of interest was accomplished until the entry of judgment in the trustee's suit (after the fire), holding the deed from husband to wife void as to the former's creditors.

The judgment of the District Court should be affirmed.