## SPECIAL INDEMNITY FUND v. POOL et al.

No. 32282. April 29, 1947.

*180 P. 2d 165.*

Mont R. Powell, Don Anderson, and Thomas D. Lyons, all of Oklahoma City, for petitioner.

Claud Briggs, of Oklahoma City, S. L. Simpkins, of Elk City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought to this court by Special Indemnity Fund, which will be herein referred to as petitioner, to review an award of the State Industrial Commission in favor of Otis E. Pool, who will be referred to as respondent. An award was also entered against Southwestern Cotton Oil Company, employer of respondent and its insurance carrier.

The case was assigned to a trial commissioner for hearing. The record discloses, without dispute, that respondent, on the 22nd day of September, 1943, while in the employ of Southwestern Cotton Oil Company, sustained an injury to his left foot which resulted in a permanent partial loss of use of that foot. During progress of the hearing it developed that respondent in 1917 sustained a prior accident which resulted in the loss of his right great toe. Special Indemnity Fund was thereafter made a party to the proceeding. The medical testimony established that by reason of the injury sustained in September, 1943, several bones in respondent's left foot were broken and that the foot was badly crushed and that by reason of his prior injury he lost his right great toe.

Dr. Baker testified that by reason of his last injury respondent sustained from 10 to 20 per cent permanent partial disability to his left foot and that by reason of the prior injury he sustained the loss of his right great toe and some slight injury to other toes of his right foot which resulted in some permanent partial disability to that foot. He did not express an opinion as to the degree of disability, but did tes-

tify that in his opinion by reason of the combination of injuries he had sustained a 20 per cent permanent disability to the body as a whole. Dr. Tisdal testified that respondent by reason of his last injury sustained a 50 per cent permanent partial disability to his left foot and that by reason of his prior injury and by the loss of his great toe he sustained a 15 per cent disability to the right foot. Dr. Tisdal, however, in his testimony after the petitioner, Special Indemnity Fund, was made a party to the proceeding, enlarged upon and explained this statement, which testimony we shall later refer to in this opinion.

It was admitted at the hearing that if respondent is entitled to recover his rate of compensation would be only $15.39 per week.

This evidence was offered prior to the time petitioner, Special Indemnity Fund, was made a party to the proceeding, and after it was made a party and at a further hearing it was stipulated by and between counsel representing petitioner and respondent that the former testimony of Doctors Baker and Tisdal taken at the previous hearing may be disregarded insofar as it attempts to evaluate the disability to the right foot, and that the depositions taken since Special Indemnity Fund was made a party be introduced and received in evidence as testimony on both issues as to the left and right foot.

After petitioner was made a party to the proceeding, additional evidence was offered, and at the close of the evidence the trial commissioner entered an order awarding respondent compensation against Southwestern Cotton Oil Company and its insurance carrier in the sum of $577.12 for 37½ weeks payable at $15.39 per week and against the petitioner in the sum of $461.70 payable at the rate of $15.39 per week. This award was upon appeal vacated by the commission en banc. The commission, after finding that respondent was a physically impaired person within the meaning of the Workmen's Compensa-

tion Act by reason of having lost the right great toe in a prior accident, further found:

"That as a result of the injury of September 22, 1943, claimant sustained 25 per cent permanent partial disability to the left foot, for which he is entitled to compensation for 37½ weeks at $15.39 per week or a total sum of $577.12, computed from December 26, 1943, to September 14, 1944, which said sum shall be paid by the respondent and insurance carrier herein.

"That as a result of the combination of said injuries and disabilities of November, 1917, resulting in loss to the right great toe, and the injury of September 22, 1943, to the left foot, the combination thereof has resulted in disability materially greater to claimant than the injury of September 22, 1943, standing alone, that by reason of the loss of the right great toe in 1917 he would and hereby has 20 per cent disability to the right foot, which combined with the 25 per cent disability to the left foot, hereinabove set out, amounts to one-half of 45 per cent disability to the body as a whole, or 22½%, and constitutes the claimant's total disability at this time by reason of the two injuries that 22½ per cent disability to the body as a whole is equivalent to 112½ weeks at $15.39 per week, or the total sum of $1,731.38, which sum less $577.12 awarded against the respondent and insurance carrier herein, leaves a balance of $1,154.26, which sum is hereby awarded against the Special Indemnity Fund, by reason of the increased disability of the claimant by reason of the two injuries."

Upon these findings the commission made an order awarding compensation as against Southwestern Cotton Oil Company and its insurance carrier in the sum of $577.12 for 37½ weeks at $15.39 per week and against petitioner in the sum of $1,154.26, 75 weeks compensation at $15.39 per week.

The award is not challenged by the Southwestern Cotton Oil Company and its insurance carrier.

Petitioner contends that there is a total lack of evidence to sustain the

finding of the commission that respondent by reason of his prior injury sustained a 20 per cent permanent partial disability to his right foot and that by reason of the combination of injuries he sustained a 22½ per cent permanent disability to his body as a whole. Counsel contend that under the stipulation above referred to, the commission was without authority in arriving at its conclusion to take into consideration the evidence of Dr. Baker and Dr. Tisdal given prior to the time it was made a party to the proceeding touching the disability to respondent's right foot by reason of the prior accident, and that in determining such question it was only authorized to take into consideration the evidence offered as to the injury to that foot subsequent to the time it made a party to the proceeding. The only evidence offered by either of the parties subsequent to the time petitioner was made a party relative to the injury sustained, if any, by respondent to his right foot by reason of his prior accident, consisted of the deposition of Dr. Tisdal which was offered in evidence. He there testified that by reason of respondent's injury sustained in September, 1943, had his right foot then been normal he would have sustained a 50 per cent permanent partial disability to his left foot, but that because of the prior injury resulting in the loss of the right great toe he would naturally place greater stress on his left foot, which would naturally increase the disability to that foot of about 15 or 20 per cent. Dr. Tisdal did not refer in his deposition to any injury sustained by respondent to his right foot other than the loss of his right great toe, nor did he testify that the loss of such toe had caused any permanent disability to that foot as a whole, nor did he testify that by reason of the combination of the injuries respondent sustained any permanent disability to his body as a whole, nor did he testify to any facts from which the commission could have drawn such conclusion.

Respondent, however, contends that notwithstanding the stipulation it was the duty of the commission in entering its award to take into consideration all of the evidence, including the evidence Doctors Baker and Tisdal gave prior to the time petitioner was made party to the proceeding. He asserts that the proceeding against the employer and its insurance carrier and Special Indemnity Fund, under the Workmen's Compensation Act, is a joint and not a several proceeding, and that when the Special Indemnity Fund was brought into the proceeding it became apprised of all of the evidence which had theretofore been offered and it was bound by such evidence and it was the duty of the commission in entering its award to consider the same. There might be some merit to this contention in the absence of the stipulation to the contrary. The stipulation was voluntarily entered into. The record discloses that it was entered into at the suggestion of counsel for respondent. We think petitioner had a right to rely thereon and respondent should not now be heard to say that it was the duty of the commission, notwithstanding the stipulation, to consider such evidence.

Should we, however, sustain the contention of respondent in this respect and hold that it was the duty of the commission, notwithstanding the stipulation, to consider the evidence of Dr. Baker and Dr. Tisdal which was withdrawn and excluded by the terms thereof, relative to any injury which may be sustained by respondent to his right foot because of the prior accident, the award would still be excessive as against petitioner.

It is apparent that the commission in reaching its conclusion, and without sufficient evidence to support the same, translated the loss of respondent's right great toe into a 20 per cent permanent partial disability to his right foot as a whole. This it was not authorized to do.

In Special Indemnity Fund v. Davidson, 196 Okla. 118, 162 P. 2d 1016, we said:

"There is no statutory authority for

translating total or partial loss of minor specific members consisting of thumbs, fingers, and toes into injuries to other specific members or into injuries to the body as a whole without competent evidence in support thereof."

Award vacated and the cause remanded to the commission for further proceedings.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur. GIBSON, J., concurs in conclusion.