SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

Zala Ruth ACUFF, Pontotoc Guernsey Farms, and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40149.

Supreme Court of Oklahoma.

June 11, 1963.

Mont R. Powell, Moraul Bosonetto, Oklahoma City, for petitioner.

I. Jake Blevins, Ada, Charles R. Nesbitt, Atty. Gen., for respondents.

HALLEY, Vice Chief Justice.

The award under review allows claimant benefits against the Special Indemnity Fund (designated herein as the Fund) for permanent total disability from the cumulative effect of her pre-existing impairment considered in combination with disability produced by the last accidental injury standing alone.

While at work for Pontotoc Guernsey Farms, her last employer, claimant sustained on April 27, 1960, an accidental injury to the back. Final disposition of her claim against this employer was effected on October 21, 1960, by an award for $600.00 entered on joint petition stipulation. Claimant's sole pre-existing impairment, which she sought to combine for an award against the Fund with disability from her last accident, consisted of an unadjudicated condition of the spine, either congenital in origin or attributable to a childhood mishap.

Since claimant's last injury occurred in 1960, prior to the 1961 amendment to the Special Indemnity Act (see, S.B. 194 § 1, S.L.1961, p. 640 § 1), the present proceeding against the Fund was correctly tried under

the provisions of 85 O.S.Supp.1959 § 172. The latter statute was in effect at the time of claimant's last accidental injury. See in this connection, Special Indemnity Fund v. Reynolds, 199 Okl. 570, 188 P.2d 841; Special Indemnity Fund v. Bramlett, 201 Okl. 415, 206 P.2d 972; and Special Indemnity Fund v. Beller, Okl., 369 P.2d 184.

The Fund urges three propositions: (a) claimant's injury of April 27, 1960, was not "compensable" because Pontotoc Guernsey Farms, the last employer, was not engaged in hazardous business within the purview of the Workmen's Compensation Act; (b) claimant, at the time of her last injury, was not a physically impaired person as defined in 85 O.S.1961 § 171; (c) the combination of claimant's last injury "with a previously unadjudicated back disability" was unauthorized by law.

The claim against the Fund was presented in a separate hearing conducted after the award against the employer had become final. The Fund, apparently satisfied with this mode of procedure, made no objection thereto and does not complain here of any prejudice therefrom.

■■ Where liability is sought to be imposed upon the Special Indemnity Fund, neither party to the proceeding is entitled, as a matter of right, to insist on a severance from the claim which the injured workman is concurrently asserting against his last employer. Although the trial tribunal is not precluded from entertaining separate inquiries upon these claims, all the evidence adduced before it, whether elicited against the employer or the Fund, may be considered in resolving the issues formed against either or both parties. Berna v. Maloney-Crawford Tank Co., Okl., 281 P.2d 736; Special Indemnity Fund v. Davis, Okl., 264 P.2d 320; Special Indemnity Fund v. Pool, 198 Okl. 496, 180 P.2d 165.

We are urged that inasmuch as the employer's liability was adjudicated by a prior compromise on joint petition to which the Fund was not a party, the adjudication so made did not operate to vest jurisdiction in the trial tribunal over the Special Indemnity Fund. It is not suggested that claimant did not have an accidental injury on April 27, 1960; nor is it denied that permanent disability resulted therefrom. The sole objection advanced is that there is no competent evidence to establish the hazardous nature of the last employer's business.

■■ An award of the State Industrial Court made upon a stipulation of facts has the same force and effect as an award entered upon an adversary hearing. Such award, when final, becomes binding and conclusive not only upon the parties but also upon the State Industrial Court. Cavender v. Wofford Drilling Co., 190 Okl. 291, 123 P.2d 261; G. S. & C. Drilling Co. v. Pennington, 151 Okl. 61, 1 P.2d 764, 7 P.2d 474. A prior order approving a joint petition settlement with the last employer does not operate to bar claimant from subsequently proceeding against the Special Indemnity Fund. Special Indemnity Fund v. Chambers, Okl., 356 P.2d 1094; Special Indemnity Fund v. Bryant, 205 Okl. 630, 239 P.2d 1014.

■■ Assuming that the hazardous nature of the employer's business did form a litigable, as distinguished from a collateral, issue in the proceeding between claimant and the Fund, the trial tribunal was nevertheless authorized and required to take judicial notice of its own files and to consider all the evidence before it. The joint petition, which constituted a part of the record in this proceeding, contained a solemn, judicially approved admission of the employer that it was engaged in hazardous dairy business covered by the Act. The order on joint petition did itself establish such fact as a verity. Cameron & Henderson, Inc. v. Franks, 199 Okl. 143, 184 P.2d 965. Even if the Fund be correct in its broad assertion that it was a total stranger to the award against the employer, the joint petition and the order thereon did nonetheless constitute competent evidence in the proceeding under review. Although a judicial determination may not be binding or conclusive on a third person, nevertheless it may be admissible against him to prove

prima facie the fact of its rendition or entry and the legal consequences resulting therefrom in the absence of any evidence to the contrary. Mechanics' and Traders' Ins. Co. of New Orleans v. Local Building & Loan Ass'n, 128 Okl. 71, 261 P. 170.

Since, as we have concluded, the proceeding on joint petition settlement could properly be considered prima facie to establish the hazardous nature of employer's business in the absence of any evidence to the contrary, the burden rested upon the Fund to impeach, by proper evidence, the determination previously made by the trial tribunal in the award against claimant's employer. The issue of whether claimant, when injured, was in fact covered by the Workmen's Compensation Act was not tendered by the Fund either in its answer or by its evidence.

We hold that if an award is made against the last employer on a properly approved stipulation, such award may be considered in a subsequent proceeding against the Special Indemnity Fund as establishing prima facie claimant's right to compensation for permanent disability from an accidental injury sustained in course of hazardous employment.

The trial tribunal found, inter alia, that claimant, when last injured, was a physically impaired person because her pre-existing unadjudicated condition of the spine affected her right leg, causing her to limp and appear "crippled", all of which was visible to an ordinary layman. There is ample evidence, both lay and medical, to support this finding.

According to the deposition and letter-report of Dr. R, claimant's antecedent "structural scoliosis with a spondylolisthesis of the 3rd lumbar body on the 4th" produced, prior to her last injury, a limitation on the use of her right leg. In addition thereto, mild arthritis of both knees was also given as a factor contributing to her disability. Both laymen who gave testimony below related that claimant "had difficulty in walking", appeared "crippled" and "anytime" she walked she was "limping with her right leg" and "favoring" it.

A pre-existing unadjudicated pathology of the spine constitutes claimant a physically impaired person as defined by 85 O.S.1961 § 171, if, prior to the last injury, such condition permanently affected a specific member of the body in a manner which makes the loss of use thereof, be it total or only partial, obvious and apparent to an ordinary layman. Special Indemnity Fund v. Roberts, Okl., 356 P.2d 561; Bermea v. State Industrial Court, Okl., 378 P.2d 857.

The evidence, as outlined, amply discloses that claimant's every day gait was indicative of, and compatible with, a permanent impairment of her right leg. We therefore hold that she was a physically impaired person.

The trial tribunal did not fix the degree of claimant's disability to the right leg, but its failure so to do is not fatal to the award. Under the provisions of 85 O.S.Supp.1959 § 172, the Special Indemnity Fund was not entitled to a deduction for pre-existing impairments where the combination of all disabilities resulted in permanent total disability, and, in such case, the trial tribunal was not required to determine the nature and extent of former conditions. Special Indemnity Fund v. Beller, supra.

Since the evidence discloses that the unadjudicated antecedent pathology of the spine did permanently affect the right leg, the entire disability therefrom was properly considered and its combination with the last injury standing alone was authorized. Special Indemnity Fund v. Tyler, Okl., 369 P.2d 180; Bermea v. State Industrial Court, supra.

The proceeding is free from errors of law. The award is accordingly sustained.