EAGLE-PICHER MINING & SMELTING CO. v. VAN GUNDY et al.

No. 32846.   Dec. 23, 1947.

*188 P. 2d 210.*

A. C. Wallace, John R. Wallace, and Ben T. Owens, all of Miami, for petitioner.

A. L. Commons, of Miami, Mont R. Powell, and Don Anderson, both of Oklahoma City, R. W. Higgins, of McAlester, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court by Eagle-Picher Mining & Smelting Company, own risk carrier, to review an order and award of the State Industrial Commission awarding compensation to Alfred E. Van Gundy, and discharging Special Indemnity Fund.

Respondent, on November 15, 1945, filed his first notice of injury and claim for compensation in which it is stated that on November 1, 1945, while in the employ of petitioner and while engaged in lifting a large sack of material, his left foot slipped, throwing a strain on his back and causing an injury to his back; that he was at that time a "physically impaired person," in that he had sustained a prior disability to his feet when he contracted trench foot while in military service.

The trial commissioner, after finding that respondent, on November 1, 1945, while in the employ of petitioner, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his back; that as a result of said injury he sustained a 30 per cent permanent partial disability to the body as a whole for which he is entitled to $3,150, or 150 weeks at $21 per week, further found:

"That at the time of said injury, the claimant was a physically impaired person by reason of trench-foot resulting from Army service in 1944, in the U. S. Army and that disability is apparent from observation and examination by an ordinary layman, and consists of 10 per cent permanent partial disability to the body as a whole, to do and perform ordinary manual labor; that the testimony is insufficient to show that a combination of both of said injuries and disabilities is materially greater than the last injury and disability standing alone, and that an award against the Special Indemnity Fund should be denied, at this time."

In accordance with the above finding the commissioner entered an order awarding compensation to respondent and against petitioner in the sum of $3,150, payable at $21 per week and entered an order discharging the Special Indemnity Fund.

Petitioner challenges the order and award on the ground that it is not supported by the evidence and is contrary to law. In this connection, it is specifically urged that the evidence shows the second injury, that is, the injury to respondent's back, combined with the previous injury, the injury to his feet, to produce at 30 per cent permanent partial disability to the body as a whole found to exist by the commission, and that the finding of the commission that respondent's present disability is due solely to the last injury is not supported by the evidence. This contention cannot be sustained.

Respondent testified that on the 1st day of November, 1945, while in the employ of petitioner and while engaged in lifting a sack of heavy material, his left foot slipped, throwing his back

into a twist causing a strain thereto resulting in a permanent disability to his back, since which time he has not been able to perform ordinary manual labor; that he has previously sustained a disability to his feet by reason of trench foot contracted in Germany while in the Army of the United States; that he was hospitalized and treated for such injury and that he remained in the hospital for a period of about eight months; that his feet have considerably improved and that they had improved to such extent that he was still able to do ordinary manual labor and was able at the time he received his last injury to do a good day's work. He further testified that the Veterans' Administration had awarded him compensation for permanent partial disability to his feet at the rate of $11.50 per month and that he is still receiving such compensation.

One doctor testified that he first examined respondent on November 13, 1944; that he took an X ray of his back; that he obtained a history of the case from respondent and that upon such history and examination he found that respondent, by reason of his injury received on November 1, 1945, sustained an anjury to his back which resulted in an 80 per cent permanent partial disability to his body as a whole; that in estimating such disability he did not take into consideration any disability that respondent had previously sustained to his feet, but that he drew such conclusion solely on the disability sustained to the back by reason of the last injury alone.

Another doctor likewise so testified except that he estimated respondent's permanent partial disability to his body as a whole at 75 per cent.

This evidence in our opinion amply sustains the finding and award of the commission and its order discharging the Special Indemnity Fund.

It is only when an employee, who is a "physically impaired person", receives a subsequent injury, and the disabilities sustained by both injuries combine to produce a disability materially greater in degree than the employee would have sustained by reason of his last injury alone that an award is authorized against the Special Indemnity Fund. Title 85, S. L. 1943, §2; Special Indemnity Fund v. McMillan, 198 Okla. 412, 179 P. 2d 475; Special Indemnity Fund v. Bonner, 198 Okla. 491, 180 P. 2d 191.

There is no evidence in the record tending to show that the disability sustained by respondent by reason of both injuries combine to produce a greater degree of disability than respondent would have sustained from the last injury, alone but on the contrary the evidence clearly shows that respondent's present disability, for which compensation was awarded, is due to the last injury alone.

There is no evidence in the record to support the finding of the commission to the effect that respondent by reason of the previous injury to his feet sustained a 10 per cent permanent partial disability to his body as a whole. Since, however, the commission further found that by reason of the previous injury to his feet when combined with the injury to his back respondent did not sustain any disability materially greater in degree by reason of the last injury alone and awarded no compensation against petitioner by reason of any disability sustained by respondent because of his previous injury, the finding in this respect is harmless and in no manner affects the award.

We do not, by this opinion, intend to intimate that a back injury may or may not be combined with a prior injury to the feet under the Special Indemnity Fund Act. That question is not here.

Order and award sustained.