SPECIAL INDEMNITY FUND v. CORBIN et al.

No. 32402.   Nov. 9, 1948.

Rehearing Denied Nov. 30, 1948.

*199 P. 2d 1020.*

Mont R. Powell, L. B. Moore, and Thomas D. Lyons, all of Oklahoma City, for petitioner.

Hatcher, Hatcher & Harwood, Baxter Taylor, and W. A. McInnes, all of Oklahoma City, for respondents.

BAYLESS, J. This is an original proceeding brought by the Special Indemnity Fund administered by the State Insurance Fund to review an award to William Corbin made by the State Industrial Commission. Corbin, an employee of the Noble Drilling Company, sustained an accidental injury to his left foot and ankle, arising out of and in the course of his employment on February 15, 1945. In 1927, Corbin received an injury resulting in the loss of the first finger, half the second finger, and a crooked third finger on his left hand. After receiving the injury of February 15, 1945, Corbin filed a claim for compensation against the Noble Drilling Company, making the Special Indemnity Fund a party thereto. A settlement on joint petition between Corbin and the Noble Drilling Company was approved by the State Industrial Commission on June 5, 1945, but the order provided that the cause remain open as between claimant and the Special Indemnity Fund. Upon a hearing, the trial commissioner found that Corbin was a physically impaired person within the purview of 85 O.S. Supp. 1943 §§ 171-176; that as a result of his accident in 1927, Corbin had suffered a 45 per cent disability to his left hand; that by the injury of February 15, 1945, he sustained a 15 per cent permanent partial disability to his left foot; that by reason of both injuries he had suffered 20 per cent permanent partial disability to the body as a whole; and made an award of $1,800 against the Special Indemnity Fund by reason of the combination of the two injuries.

Petitioner contends, first, that under the provisions of section 172, supra, of the statute, the Special Indemnity Fund is entitled to credit for compensation paid for the first or prior injury. The statute in question, prior to the 1945 amendment (H.B. 508, Laws 1945, Title 85, ch. 8, §1), did not authorize such credit or deduction. This question has been decided adversely to such contention a number of times. See Special Indemnity Fund v. Wood, 195 Okla. 357,

157 P. 2d 905; Special Indemnity Fund v. Gambrell, 196 Okla. 203, 164 P. 2d 240; Special Indemnity Fund v. Hobbs, 196 Okla. 318, 164 P. 2d 980. We hold that the order of the commission was proper in this respect.

Petitioner argues that there was a settlement on joint petition between respondent and the Noble Drilling Company, and under the provisions of 85 O.S. 1941 §84, authorizing such settlements, the State Industrial Commission loses jurisdiction to make any further award. The award was made by the trial commissioner on the 28th day of May, 1945. An appeal was taken to the commission en banc on the 1st day of June, 1945. On June 5, 1945, the claimant and Noble Drilling Company settled on a joint petition fixing the disability to the foot at 20 per cent. The award of the trial commissioner was sustained by the commission on appeal on October 18, 1945. The joint settlement reserved the right to proceed against the Indemnity Fund by the following stipulation: " . . . but this cause remain open as between claimant and Special Indemnity Fund." We hold that 85 O.S. 1941 §84, authorizing settlement on a joint petition, is to be construed with and not in conflict with 85 O.S. 1943 Supp. §171 et seq. The cases of Willett v. Industrial Commission of Oklahoma, 129 Okla. 101, 263 P. 664, and Cameo Blackstone Coal Co. v. Purcell, 153 Okla. 21, 4 P. 2d 753, are not applicable. They are authority for the rule that the settlement on joint petition between claimant and Noble Drilling Company is final. Petitioner was not in any way prejudiced by such settlement and we do not see how settlement with the employer by joint petition and reserving all rights to proceed against the Special Indemnity Fund could operate to the prejudice of the Special Indemnity Fund.

Petitioner's next contention, that there is no competent evidence to support the commission's finding that by reason of combination of the old and new

injuries claimant had a 20 per cent permanent partial disability to the body as a whole, is well taken.

The only evidence in the record regarding the increased disability resulting from a combination of the two injuries is the statement of Dr. Dowdy that:

" . . . It is my opinion that the combination of these injuries, namely to his left hand and his left foot, would be a 10% disability to the body as a whole."

In Special Indemnity Fund v. McMillin et al., 198 Okla. 412, 179 P. 2d 475, we held that in order to sustain an award against the Special Indemnity Fund under section 172, supra, there must be competent evidence tending to prove that the combination of the two injuries would result, or actually did result, in a degree of disability materially greater than that which resulted from the subsequent injury alone, and there must be competent evidence as to the extent of the disability resulting from a combination of the two injuries.

It is apparent that the award in 1927 was for the loss or loss of use of three fingers on claimant's left hand. The claimant says he was paid, so we may assume there is no claim pending for disability resulting from the multiple finger injury or loss. There is no pleading alleging a change of condition in claimant's left hand since the 1927 award and no request that the 1927 case be reopened and additional compensation be awarded for injury to the hand.

Title 85 O.S. Supp. 1943 §171 provides:

"For the purpose of this Act, the term 'physically impaired person' is hereby defined to be a person who . . . has . . . any disability which previously has been adjudged and determined by the State Industrial Commission."

The commission, therefore, erred in finding that Corbin suffered a 45 per

cent disability to his left hand as a result of his accident in 1927.

We held in Special Indemnity Fund v. Davidson, 196 Okla. 118, 162 P. 2d 1016, that finger injuries may be combined with other injuries to specific members where based upon competent testimony.

The award is therefore vacated and the cause remanded to the commission for the purpose of taking testimony concerning the additional disability to the body as a whole, if any, by reason of a combination of the two injuries, and to make appropriate findings and enter an order based thereon.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, and LUTTRELL, JJ., concur. GIBSON and ARNOLD, JJ., dissent.

———

ARNOLD, J. (dissenting). I agree that there was no competent proof of combined disability in excess of 10 per cent to the body as a whole, the basis of the award against the Fund, and the award for 20 per cent permanent partial disability to the body as a whole or 100 weeks' compensation must be vacated. I cannot agree, however, that the Fund is not a necessary party to a joint settlement in a case where it is liable.

While the appeal from the order of the trial commissioner to the commission en banc was pending, the employer and claimant executed and filed a joint petition for final settlement. By this joint petition, the claimant and the employer proposed to settle the claim for injury to the foot for $455. The joint petition was presented to the commission for approval, as therein stated, without prejudice to the rights of the claimant against the Special Indemnity Fund and subject to the continuing jurisdiction of the commission over the claim against the Fund. Over the objection of the Special Indemnity

Fund, the joint petition was approved by order of the commission entered on the 5th of June, 1945. (The appeal to the commission en banc from the order of the trial commissioner was still pending.) In the order approving final settlement, it is provided that the payment of $455 should be "in full, final, and complete settlement of any and all claims which claimant now has or may hereafter have against respondent or insurance carrier by reason of said injury, but that this cause remain open as between the claimant and the Special Indemnity Fund."

The Special Indemnity Fund contends that the award against it thereafter entered by the commission on appeal to the commission en banc was erroneous and void because the commission lost jurisdiction of the entire claim by reason of the settlement on joint petition, it having no power to retain jurisdiction of a part of the claim based upon the compensable injury.

By 85 O.S. 1941 §84, the jurisdiction and power of the commission is usually continuing, and it may make such modifications or changes with respect to former findings or orders as, in its opinion, may be justified. However, it is also provided by the foregoing section that the commission may take jurisdiction to consider joint petitions between the parties for final settlement. As to the extent and finality of its jurisdiction and authority in this respect, the section provides:

"If the commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the commission shall not have jurisdiction over any claim for the same injury or any results arising from same."

The section, supra, contemplates a final, full, and complete settlement of all claims and issues arisen or that might thereafter arise, contingent or otherwise, out of a compensable accident forming the basis of a claim for compensation. In view of the sweeping language of the statute, complete jurisdiction of the claim for compensation, contingent or otherwise, is lost upon final settlement on joint petition.

The liability of the Fund is contingent upon combined disability resulting from new and compensable injury and the old, pre-existing disabling condition, whatever its origin. The liability of the Fund, therefore, is absolutely dependent upon the result of the compensable injury in combination with old, pre-existing condition.

I think the public policy of the Workmen's Compensation Law and the interests of all parties to a compensation case would be promoted and better served if we held, as I think the Legislature intended, that the joint petition section of the statute contemplates that all parties severally liable to pay an award for compensation, in whole or in part, shall agree and sign the joint petition; that the Legislature contemplated that the Workmen's Compensation Law might be, after the enactment of the section relative to joint petitions, amended so as to create additional liabilities or provide a different method of payment of awards and bring in new parties severally liable; that the Legislature intended that in the event new parties severally liable should be created, the joint petition provision should apply to such parties; that the Special Indemnity Fund Act has the effect of creating a new and several responsibility for the payment of a portion of an award made under the Workmen's Compensation Law and the act relieves the employer of part of the liability theretofore existing under the Workmen's Compensation Law; that the jurisdiction of the commission to approve a joint petition settlement can be invoked only by a petition of agreement signed by all the parties severally liable to pay compensation awardable; that in all cases where the Special Indemnity Fund Act is appli-

cable, the Fund is a necessary party to a joint petition for final settlement and without its signature, the authority of the commission to approve same and make final settlement is not invoked.

I, therefore, respectfully dissent to our holding that the Special Indemnity Fund was not a necessary party to the joint petition approved in this case.