Herbert BERNA, Petitioner,

v.

MALONEY–CRAWFORD TANK CO., a Corporation, et al., Respondents.

No. 36050.

Supreme Court of Oklahoma.

March 1, 1955.

Rehearing Denied April 6, 1955.

A. E. Adriaenssens, Harley Van Cleave, Raymond B. Thomas and Charles C. Liebler, Tulsa, for petitioner.

Earl Youree, Wagoner, Looney, Watts, Ross, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On May 23, 1952, Herbert Berna, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with the employer, Maloney-Crawford Tank Company when he injured his back. The Special Indemnity Fund was made a party by reason of a prior disability which constituted claimant a physically impaired person. The State Industrial Commission entered an award for temporary disability and 15% disability to the body as a whole due to the latter injury. This proceeding is brought by claimant to review the award which is in part as follows:

"That claimant's wages at the time of said injury were sufficient to fix his rate of compensation at $25.00 per week; that claimant was temporarily totally disabled from March 9, 1952, to April 8, 1952, for which period of time, less the five day waiting period, he is entitled to compensation, or 3 weeks and 3 days at $25.00 per week, or the sum of $87.50.

"That as a further result of said injury, claimant has sustained 15 per cent permanent partial disability to the body as a whole, for which he is entitled to compensation for 75 weeks at $25.00 per week, or the sum of $1,875.00.

"That the question of claimant's claim for compensation against the Special Indemnity Fund is hereby reserved for future consideration by this Commission."

Claimant testified that on July 28, 1951, he was employed by Maloney-Crawford Tank Company and stepped on a piece of welding rod and his feet went out from under him and he slipped down on a concrete floor and injured his back and neck. He further testified that he has been employed by the employer between 29 and 30 years. The record discloses this claimant sustained the following injuries: In 1918, while in World War I he was injured in the right knee; in 1929 he crushed his right foot; in 1935 or 1936 he injured his head; in 1939 he sustained burns; in 1943 he suffered a hernia and in 1948 he was injured when he fell from a tank breaking a wrist and injuring his neck. At least part of these former injuries were compensable and paid for by the employer.

Following the injury of July 28, 1951, he reported to Mr. Dillenbaugh, the personnel director, who sent him to Dr. Orman where he was examined and treated on the 2nd day of August, 1951, and for 22 days thereafter. He was then discharged. After his discharge he advised Mr. Dillenbaugh he was in need of further treatment. In a day or two he went to the Veterans Hospital in Muskogee on the advice of Mr. Dillenbaugh. Thereafter, he was treated by Dr. N. Stuart White and has been treated by him ever since.

It is first argued that the case was prematurely decided without sufficient notice to the claimant of its submission. We do not agree. After the final hearing before the trial commissioner it was agreed that the case would be submitted when the depositions of Dr. McDonald and Dr. White were filed. Claimant refers to a statement to the following effect found at page 74 of the record:

"(This case not to be submitted until agreement by the parties, due to additional testimony from the Veterans Administration.)"

This statement was at the conclusion of the depositions and comes just prior to the certificate of the notary. There is no showing of any other evidence and the statement is not otherwise explained. The only other indication that there would be further hearing is a statement by the attorney for claimant to the effect that he wished to ob-

ject to the testimony of Dr. McDonald insofar as it related to any injuries other than the one sustained on July 28, 1951, and the statement by counsel that this objection could be presented to the Commission. The prior injuries and the results and effect thereof were fully developed in the testimony both of Dr. McDonald and Dr. White prior to this objection and the record discloses that there could be no prejudice to claimant on the objected portion of the testimony. Claimant relied on Hauschildt v. Collins, 152 Okl. 193, 4 P.2d 99. This case is readily distinguishable from the case under consideration. In Barnsdall Refining Corp. v. Locker, 182 Okl. 318, 77 P.2d 749, 750, it is stated:

"It is the duty of the State Industrial Commission to grant both the employer and the employee full opportunity to be heard in a proceeding brought before it, but, before an award entered by the commission denying or approving the claim of an injured employee will be vacated for failure to grant a continuance, it must appear that there has been a substantial failure to afford a full and complete hearing."

The record discloses no prejudice to the claimant in entering the order and it was in accordance with the agreement to submit the case when the depositions of the two doctors were filed.

█ It is next argued that it was error to make an award against the employer and reserve for a later date a consideration of the liability of the Special Indemnity Fund. In Special Indemnity Fund v. Davis, Okl., 264 P.2d 320, we discussed the effect of testimony taken at separate hearings; and in Special Indemnity Fund v. Pool, 198 Okl. 496, 180 P.2d 165, we held a stipulation was binding as to testimony taken in separate hearings. In Special Indemnity Fund v. Hewes, 202 Okl. 356, 214 P.2d 240; Special Indemnity Fund v. Corbin, 201 Okl. 5, 199 P.2d 1020, and Special Indemnity Fund v. Bryant, 205 Okl. 630, 239 P.2d 1014, we held separate awards made on joint petition valid in a proceeding in which the Special Indemnity Fund was involved. These are the only cases in which we have discussed the holding of separate hearings. No case has been cited by either party on this question and independent research has failed to disclose a case directly in point. Such an order is frequently made. We cannot hold that it is outside the jurisdiction of the State Industrial Commission. We do hold that in the absence of a showing of some prejudice to the claimant he is not in a position to object. The only prejudice suggested is that if there is error in the award against Special Indemnity Fund this will necessitate a second appeal. We think this insufficient showing of a prejudice. The order as made does not constitute error against the claimant.

██ Finally it is argued that the award is not sustained by the evidence, and that the evidence of the physician testifying for claimant supports a larger award than the 15% permanent partial disability allowed by the Commission. In addition to an injury received in World War I, for which claimant is drawing disability benefits, the record discloses five separate injuries during claimant's employment with the present employer. The most serious referred to is the injury of 1948. Dr. McDonald testified there was no disability by reason of the accidental injury of July 28, 1951, which was permanent in nature. We have held that the cause and extent of a disability resulting from an accidental injury are questions of fact and if there is any competent evidence reasonably tending to support the award it will not be disturbed on review. City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094; Hollis v. Mid-Continent Petroleum Corp., 174 Okl. 544, 51 P.2d 498; Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847. There is competent evidence reasonably tending to support the award.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY and JACKSON, JJ., concur.