James LEVI, Petitioner,

v.

SPECIAL INDEMNITY FUND and the State
Industrial Court of the State of
Oklahoma, Respondents.

No. 39005.

Supreme Court of Oklahoma.

Feb. 18, 1964.

Paul Pugh, Oklahoma City, for petitioner.

Mont R. Powell, Mary Elizabeth Cox, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

IRWIN, Justice.

The trial tribunal's order under review denies claimant's motion to reopen the claim on an alleged change of his condition and to allow him additional benefits solely against the Special Indemnity Fund (designated in this opinion as the Fund).

Claimant's last industrial accident occurred on September 20, 1952. An award, made against the employer on February 9, 1953, allowed him 20 per centum permanent (partial) disability to the right leg, or 35 weeks of benefits. On September 12, 1953, claimant secured a separate award against the Fund which recites, inter alia, that (a) claimant, when last injured, was a physically impaired person because of a pre-existing injury to his left knee and the right elbow; (b) claimant's pre-existing impairment in the left leg produced 10 per cent permanent loss of use and the condition of the right arm resulted in 9 per centum loss of use; and (c) claimant's two antecedent conditions, considered in combination with the last injury standing alone, produced 25 per centum permanent (partial) disability to the body as a whole. Upon subtracting all statutory deductions, the trial tribunal allowed 50 weeks of compensation against the Fund.

Following this award claimant filed a motion to reopen the cause for an additional award against the employer. The trial tribunal found his condition from the last injury to have undergone an interim change for the worse. The claim against the employer was afterwards finally settled by a joint petition for $750.00. This settlement agreement received the trial tribunal's approval on January 6, 1955. The compromised award, which represented approximately 17 per centum permanent (partial) disability to the leg, increased claimant's overall recovery against the last employer to the aggregate of 37 per centum permanent (partial) disability to the leg.

After final settlement with the employer claimant secured, on June 24, 1955, another (a second) separate award against the Fund. This award granted him additional compensation of 112.5 weeks for an increase in his combined disability occurring since the first award against the employer and attributable to a change of condition from the last accident. Neither of the two awards made against the Fund was reviewed by this court. Both became final and have been fully satis-

fied and the correctness of such orders is not an issue in this review.

The proceeding presently engaging our attention had its inception on November 30, 1957, when claimant sought to reopen the cause for an additional award "as to the Special Indemnity Fund only." His motion was predicated on an alleged change in condition occurring since June 24, 1955—the date of the last prior award against the Fund. The State Industrial Court denied claimant's claim against the Fund. At issue is the correctness of the order denying claimant's claim against the Fund.

■ This proceeding was prosecuted solely against the Fund. Its *only* object was to reopen the last prior award against the Fund and impose additional liability upon it. The employer's liability was not intended to be increased or affected. Neither before the motion was filed nor concurrently therewith did claimant seek to judicially establish, in a proper proceeding, greater disability from the last injury due to some further change in the condition thereof since the last prior award against the employer. Since it is the employer who, under the law, continues to bear full responsibility for all the legitimate consequences of the last accidental injury standing alone, the extent of disability therefrom presents an issue which must be initially resolved under a claim directed to the employer. 85 O.S.1961 § 172; Special Indemnity Fund v. Acuff, Okl., 383 P.2d 630, 634; Cameron & Henderson, Inc. v. Franks, 199 Okl. 143, 184 P.2d 965, 970; Petroleum Maintenance Co. v. Herron, 201 Okl. 393, 206 P.2d 182, 184. As disclosed by the record, claimant sought to predicate the Fund's liability here upon the mere factum of an increase or progression in his combined disability since the last prior separate award was made against the Fund. This theory manifestly rests upon a misconception of the nature and essence of the Fund's statutory duty.

■ The Special Indemnity Fund Act does not undertake to cast upon the Fund prime liability which could be viewed as original and wholly distinct, independent

and disconnected from that of the last employer. What that law does contemplate is rather characterized as an apportionment or division of obligation between the employer and the Fund in accordance with the statutory formula. Special Indemnity Fund v. Farmer et al., 195 Okl. 262, 156 P.2d 815.

Consistent with this view, liability may not be imposed upon the Fund in the absence of two adjudications by the trial tribunal. An order must first be made in a proceeding against the employer determining the full extent of claimant's permanent disability found to have resulted from the last injury. Only then can an award be made against the Fund determining the remainder, if any there be, of compensation due claimant on the basis of aggregate disability from a combination of authorized impairments less the statutory deductions.

The Fund does not stand as a prime, original or substitute obligor. Rather, its liability is purely derivative, in the sense that it is derived or deduced from the anterior obligation of the employer, upon the extent of which it depends and which it merely supplements. Cameron & Henderson, Inc. v. Franks, supra. Eagle-Picher Mining & Smelting Co. v. Van Gundy, 199 Okl. 522, 188 P.2d 210, 212; Special Indemnity Fund v. Davidson, 196 Okl. 118, 162 P.2d 1016, 1017. This liability does not attach unless and until the extent of the primary obligation, which is sought to be supplemented, stands judicially established by an award against the employer.

Assuming, without deciding, that an award against the Fund may be reopened when greater disability, properly adjudicated to have resulted from the last accident on a change in condition, is shown to have also produced an increase in claimant's combined disability, claimant in this cause is precluded by the final settlement with the employer from procuring such prerequisite determination of additional primary liability. The trial tribunal reached the correct conclusion in declining to reopen, "as to the Fund only," the last prior (separate) award against the Fund. The order under review is free from errors of law.

It necessarily follows that claimant could not proceed against the Fund in the instant proceeding for an adjudication of supplemental liability, if any, and the order of the Industrial Court is accordingly sustained.