**SPECIAL INDEMNITY FUND,**
Petitioner,

v.

**Donald E. MICKEY and the State Industrial Court, Respondents.**

**No. 49885.**

Supreme Court of Oklahoma.

March 1, 1977.

Rehearing Denied May 9, 1977.

124

Sam Hill, Richard G. Mason, Oklahoma City, for petitioner.

John M. Baum, Guy A. Secor, Oklahoma City, for respondents.

1. 85 O.S.1971 § 24

DOOLIN, Justice.

Claimant, Mickey, was a long time employee of Blackwell Zinc Company. His last day of employment was October 10, 1974. He filed a Form 3 on November 25, 1974, alleging pulmonary fibrosis resulting from inhalation and contact with deleterious substances. His claim was settled on February 3, 1975 by a joint petition which found claimant sustained an occupational disease while employed by Blackwell Zinc Co., the date of last exposure being October 10, 1974.

At the time of this award claimant had pending a claim for compensation arising out of an injury to his back, sustained October 2, 1974, for which he was later awarded compensation. On December 11, 1975, claimant filed an amended Form 3 asking for supplementary benefits from the Special Indemnity Fund (Fund) as a physically impaired person because of the previous back injury. At the hearing Fund stipulated that at the time of the injury to claimant's lungs he was a physically impaired person as defined in 85 O.S.1971 § 171. The trial court awarded claimant $5,125.00 compensation against the Fund, which was affirmed en banc on appeal.

Fund seeks review by this court claiming: (1) Fund was not a party to the joint petition settlement against Blackwell Zinc and should not be bound by court's finding that claimant suffered an occupation disease rather than an injury, and (2) the State Industrial Court erred in applying the eighteen months statute of limitations [1] applicable to claims based on an occupational disease. Fund asserts because the original Form 3 did not refer specifically to occupational disease, the one year statute of limitations [2] should have been applied thus barring claimant's claim against the Fund.

Fund's allegations of error are not valid. An award based on a joint petition settlement is no different from any final award of the State Industrial Court and constitutes a judicial determination of

2. 85 O.S.1971 § 43

facts.[3] In *Special Indemnity Fund v. Acuff*, 383 P.2d 630 (Okl.1963) this court held facts found in a joint petition award are competent evidence in a subsequent proceeding by an injured employee against the Fund; and such findings, although not necessarily binding on the Fund are prima facie fact and unless Fund offers evidence to the contrary they must stand. The State Industrial Court in the joint petition found claimant suffered injury due to an *occupational disease*. At the hearing against Fund, *no evidence* was offered to the contrary. Accordingly we deal with this appeal as a claim against the Fund pursuant to an award based on an occupational disease.

In *AMF Tubescope Company v. Hatchel*, 547 P.2d 374 (Okl.1976) we held 85 O.S.1971 § 24 provides a claim must be filed for compensation for an occupational disease within eighteen months from the date of the last hazardous exposure. Section 24 was applied rather than the one year statute of limitations prescribed by 85 O.S.1971 § 43.

There is no specific statute of limitations spelled out in our statutes creating and controlling the Special Indemnity Fund.[4] Liability of Fund is purely derivative from the original award against a claimant's employer.[5] The statute of limitations applicable to the original claim is also applicable to a subsequent claim against the Fund.[6]

The State Industrial Court properly awarded compensation to claimant as a previously impaired person, by reason of his previous back injury and adjudicated disabilities resulting from an occupational disease. This claim against Fund, being filed within eighteen months of date of last hazardous exposure, was not barred by the statute of limitations.

AWARD SUSTAINED.

**3.** *Black, Sivalls & Bryson v. Bass*, 506 P.2d 902 (Okl.1973).

**4.** 85 O.S.1971 § 171 et seq. as amended.

HODGES, C. J., and BERRY, BARNES and SIMMS, JJ., concur.

LAVENDER, V. C. J., and WILLIAMS and IRWIN, JJ., concur in result.

**5.** *Levi v. Special Indemnity Fund*, 389 P.2d 620 (Okl.1964).

**6.** *Special Indemnity Fund v. Hulse*, 441 P.2d 366 (Okl.1968).