Clarence THREATT, Petitioner,

v.

SPECIAL INDEMNITY FUND and State Industrial Court of the State of Oklahoma, Respondents.

No. 50914.

Supreme Court of Oklahoma.

Nov. 8, 1977.

Love, Beal & Johnson by David O. Beal, Oklahoma City, for petitioner.

Sam Hill, Fred Nicholas, Jr., Oklahoma City, for respondents.

BARNES, Justice:

The sole issue for review concerns validity of an order denying Petitioner's claim against Special Indemnity Fund, for additional compensation by reason of increased

disability from combination with prior injury. Claim was denied for lack of evidence showing prior injury was obvious and apparent to ordinary layman, and therefore combinable with adjudicated injury to show materially increased disability. The order of denial was affirmed on en banc appeal.

On December 20, 1974, Petitioner, hereafter Claimant, sustained accidental injuries to his back, right shoulder, wrist and head, in an automobile-motorcycle collision. After hospitalization and treatment, his claim for personal injuries was settled.

Claim for compensation alleged injuries (July 7, 1975) to the back, head, shoulder and right wrist when Claimant was thrown from running board of a city truck during covered employment. · The claim also alleged physical impairment from prior injuries to the back, right wrist and lower left leg. Respondent, City of Oklahoma, paid wages in lieu of compensation, and thereafter (January 20, 1976) effected joint petition settlement for 15% permanent partial disability to body as a whole.

Claimant filed motion (March 23, 1976) requesting separate injuries be combined and additional compensation awarded for material increase in disability to body as a whole. The Fund generally and specifically denied Claimant was a physically impaired person as defined by the Act, 85 O.S.1971, § 171; that prior disabilities constituting physical impairment were combinable with last injury; even if combinable with prior disabilities allegedly causing physical impairment, there was no material increase in disability greater than from last injury alone.

Upon hearing, Respondent would not stipulate as to previous impairment, and Claimant then testified concerning prior accidental injuries. Claimant had become unable to lift any object without straining his back, and lacked strength in his right wrist. Claimant then offered lay testimony of a witness who had known Claimant for seven years, and had occasion to observe his physical activities both before and after the first injury. This testimony reflects that there was noticeable difference in ability to perform tasks requiring strength, i. e., mowing yard, lifting sacked groceries, after the accident, compared to ability before the accident. Supporting medical evidence of Dr. M. fixed 25% permanent partial disability resulting from first injury, and combination of injuries indicated 12.5% material increase in permanent partial disability.

Respondents' examining physician found 25% permanent partial disability from first injury, which combined with second injury for material increase of 5% permanent partial disability.

The Trial Judge ordered further examination by court appointed physician (Dr. F.) " * * * to determine if any portion of Claimant's 1974 injury would be obvious and apparent to the ordinary layman; if so, to rate the material increase due to combination * * *," of two injuries. The physician reported Claimant "is a materially disabled person under the law prior to his latest accident." Combination of pre-existing and latent disabilities produced 48% permanent partial disability, representing material increase of 8% permanent partial disability to body as a whole.

The Trial Judge found no evidence to show prior injury was obvious and apparent to ordinary layman, and denied claim against the Fund. On en banc appeal, State Industrial Court affirmed this order.

Claimant contends this order should be vacated as contrary to both evidence and law, as Supreme Court on review only examines the record to ascertain whether an order or award is supported by any competent evidence. Claimant further contends there was competent evidence to establish that the prior injury was obvious and apparent to an ordinary layman and that all medical evidence reflects Claimant sustained material increase in permanent partial disability by a combination of injuries.

The argument advanced insists the amended Act, 85 O.S.1971, § 171, changed and enlarged the scope of impairment, by defining "physically impaired person" as one who:

" * * * as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole, or a part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession; * * *."

Title 85 O.S.1971, § 171, relates exclusively to subsequent injuries to physically impaired persons. Only upon authority of the statute can additional compensation be awarded for increased disability resulting from subsequent injury. Implicit within the statute is the prime requisite that claim against the Fund must rest upon physical impairment. That increased disability results from combination of second injury and prior disability is the effect rather than the cause which brings the Act into play.

This Court has examined various aspects of this Act's meaning and application in recent decisions particularly in regard to applicability in cases involving unadjudicated prior injuries. *Tannehill v. Special Indemnity Fund* (Okl.1975), 538 P.2d 590; *Whaley v. Special Indemnity Fund* (Okl. 1976), 545 P.2d 775, and decisions cited.

The *Whaley* case involved a claimant who had sustained unadjudicated injury (heart condition) prior to adjudicated back injury. The Trial Court based finding of physical impairment upon heart and circulatory problems which aggravated a specific member (left leg) and made impairment apparent and obvious. In vacating an award based upon combination of all disabilities, including the unadjudicated heart condition, we held:

"The language of 85 O.S.1971, § 172, providing that if an employee who is a 'physically impaired person' receives an accidental injury which results in additional permanent disability so that 'the degree of disability caused by the combination of both disabilities is materially greater than that which would have re-sulted from the subsequent injury alone', relates only to a prior disability (such as an adjudicated disability, or an impairment to a specific member which is obvious and apparent to an ordinary layman) and the subsequent injury. It does not include a pre-existing, unadjudicated condition which may have caused or aggravated the impairment to the specific member."

Whether a workmen's compensation claimant is a physically impaired person within the meaning of the Act, supra, presents a fact question for determination of State Industrial Court from all evidence. *Special Indemnity Fund v. Osborne* (Okl. 1954), 272 P.2d 392. On review by the Supreme Court, however, this Court will make independent review of facts to determine whether claimant is a physically impaired person as defined in the Act. *Liggens v. Special Indemnity Fund* (Okl.1962), 370 P.2d 303.

The Trial Court correctly determined the lay testimony insufficient to establish Claimant was a physically impaired person within meaning of the Act by reason of prior unadjudicated injury which was obvious and apparent to an ordinary layman.

ORDER SUSTAINED.

All the Justices concur.