Janie B. REYNOLDS, Petitioner,

v.

SPECIAL INDEMNITY FUND and Workers' Compensation Court, Respondents.

No. 64655.

Supreme Court of Oklahoma.

Sept. 23, 1986.

Walter Jenny, Jr., Messrs. Lawter & Pitts, Inc., Oklahoma City, for petitioner.

Robert Highsaw, Sam Hill, Oklahoma City, for respondent Special Indem. Fund.

OPALA, Justice.

The dispositive issue on certiorari is whether the worker's reopening claim against the Special Indemnity Fund [Fund] was correctly determined to have been time barred because the critical antecedent motion for a supplemental award against her employer upon an asserted change of condition had not been timely brought. We answer in the affirmative and reinstate the trial tribunal's order denying claimant a supplemental award against the Fund.

Claimant, who was a physically impaired person with a pre-existing 18.5% impairment of the body, sustained a compensable back injury on April 29, 1981. For this injury she received a *November 13, 1981* award for a permanent partial disability of 5%. A subsequent *May 12, 1982* order against the Fund awarded her an additional 2% for a material increase in the aggregate disability. Some time later claimant was successful in reopening her case against the employer. She received an additional award of $1,000 on a joint-petition settlement of her March 3, 1983 motion for a supplemental award on a change of condition. By the terms of the joint petition of *September 8, 1983*, all further claims against the employer for the April 29, 1981 injury were barred.

On December 12, 1983 claimant sought to reopen her instant claim against the Fund. She filed a supplemental motion with an attached medical report showing that a further 4% material increase in combined disability had occurred during the course of the nineteen months since the last award against the Fund was entered on May 12, 1982. The trial judge ruled the

claimant's reopening claim against the Fund was time barred by the provisions of 85 O.S.1981 § 43,[1] and the trial tribunal's three-judge review panel affirmed this order. The Court of Appeals reversed and remanded the claim for determination of claimant's additional material increase.[2] We now grant certiorari to review what appears to be a novel question of public law.

Before proceeding to consider the issue whether the reopening claim against the Fund was timely filed, we must ascertain the presence of two critical conditions. First, the reopening attempt against the Fund must qualify as one predicated on a further material increase of disability produced by a progression in the *compensable condition* suffered from the last injury and not merely from pre-existing noncompensated impairments. Second, the Fund's derivative liability for another award of material increase on further deterioration of the

last compensable injury for which an award already had been made against the employer cannot be deemed to have been preserved unless the last reopening claim against that employer, which resulted in an additional award against it, had been timely brought.

**I**

**THE NATURE OF FUND'S LIABILITY**

■ Special Indemnity Fund statutes[3] govern claims by physically impaired persons. The existence of materially increased disability that results from a combination of the last injury with prior impairments constitutes the essence of the Fund's liability.[4] Awards against the Fund may be entered only for an obligation defined and authorized by statute.[5] The parameters of the Fund's liability are found in 85 O.S. 1981 § 172 A.[6] Before an award may

---

1. The text of this statute is set out later in this opinion; see also footnote 15 *infra.*

2. The trial tribunal and the Fund seemed to have reasoned that the supplemental claim against the Fund had been barred because the reopening motion was filed on December 12, 1983, one year and seven months after May 12, 1982, the date of the last preceding order against the Fund, and the benefits sought on reopening could only support a further award against the Fund of 4%. According to the Fund's brief on review, the claimant's reopening claim, to be timely, should have been filed within 30 weeks from the last order against the Fund. This period was computed by adding the number of weeks originally awarded against the Fund (2% = 10 weeks) to the maximum number of weeks sought for a supplemental award against the Fund (4% = 20 weeks). The method of computing the time bar employed by the Court of Appeals was different. It included [1] the 6% sought against the Fund (2% award in the May 12, 1982 order and the 4% sought in the reopening claim); [2] the claimant's 18.5% pre-existing impairments found in the original award against the Fund; and [3] the 5% adjudicated against the employer in the November 13, 1981 order, for a total of 29.5%. This aggregate percentage represents 147.5 weeks. [The Court of Appeals apparently omitted the 2.2% disability established by the joint-petition settlement.] Under the method so employed by the Court of Appeals, the December 12, 1983 reopening claim against the Fund was considered timely since the proceeding therefor was brought within 147.5 weeks from

May 12, 1982, the date of the last order against the Fund.
Both of the methods used to compute the time bar are *patently erroneous.* As shown later in this opinion, the *timeliness of the reopening claim against the Fund is to be measured by the timeliness of the last preceding successful reopening claim against the responsible employer.* See authorities cited *infra,* footnote 11.

3. 85 O.S.1981 §§ 171 et seq.

4. *Threatt v. Special Indemnity Fund,* Okl., 571 P.2d 465, 467 [1977].

5. *Threatt v. Special Indemnity Fund, supra* note 4.

6. The terms of 85 O.S. 1981 § 172 A provide:
"A. If an employee who is a 'physically impaired person' receives an accidental personal injury compensable under the Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this state. If such combined disabilities constitute partial permanent disability as now defined by the Workers' Compensation Act of this state, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent

be made it must be shown that [1] the claimant is a "physically impaired person" within the meaning of statutory law; [2] the claimant suffered a subsequent injury, compensable under the Workers' Compensation Act,[7] which resulted in further permanent impairment or disability; [3] the pre-existing impairments may be combined with those from the last compensable accident and [4] the disability resulting from the combination of the worker's new injury with prior impairments is materially greater than that which would have resulted from the last injury standing alone.[8] If these conditions are found to coexist, the worker is entitled to receive benefits from the last employer for impairment or disability produced "directly and specifically" by the last injury as well as compensation from the Fund for the amount of material increase occasioned by the combination of the last injury with pre-existing impairments.[9]

An award against the Fund is limited to compensation for the *"material increase"* if any were found. The increase is represented by the extent of disability remaining after the percentage of disability that rendered the claimant a "physically impaired person" and the percentage attributable to the last injury alone are deducted from the aggregate or combined permanent disability.[10] The Fund's liability is purely derivative in the sense that its incidence is "derived" or "deduced" from the previously adjudicated obligation of the employer, then to be supplemented only to the extent the *material increase* be found.[11]

 Thus, there can be no reopening claim against the Fund without a successful antecedent reopening against the employer. This is so because the Fund is not liable unless the post-award deterioration process affecting the last compensable injury has in fact spawned a higher material increase than that previously adjudged. All this, of course, *presupposes* a post-award progression of disability produced by the last injury. Without such antecedent adjudicated change, there can be no reopening against the Fund. *Mere deterioration in a worker's pre-existing conditions,* which rendered him a physically impaired person (conditions in existence before the last compensable injury), without a change for the worse in his *compensable* disability, cannot give rise to a claim against the Fund.[12]

---

injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the percent of that disability that constituted the employee a 'physically impaired person', as defined herein, all of which shall be computed upon the schedule and provision of the Workers' Compensation Act of this state. Provided the employer shall be liable only for the degree of percent of disability which would have resulted from the latter injury if there had been no preexisting impairment. After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in Section 173 of this title, in periodic installments.

Provided, that whenever an injured person receives an award for permanent partial disability in excess of Seven Thousand Five Hundred Dollars ($7,500.00), payable out of the Special Indemnity Fund, said injured employee, for good cause shown, in cases of extreme hardship, may have said award commuted to a lump-sum payment by permission of the Court, said lump-sum payment not to exceed twenty-five percent (25%) of the total award payable by the Special Indemnity Fund. All other awards payable out of the Special Indemnity Fund shall be paid in periodic installments and without commutation thereof to a lump sum."

7. 85 O.S. 1981 §§ 1 et seq.

8. *Special Indemnity Fund v. Wilbanks,* Okl., 340 P.2d 469 [1959] and *Special Indemnity Fund v. Jennings,* 201 Okl. 330, 205 P.2d 873 [1949].

9. 85 O.S. 1981 § 172 A; see footnote 6 *supra* for the text of this statute.

10. 85 O.S. 1981 § 172 A, see footnote 6 *supra;* and *Special Indemnity Fund v. Goad,* Okl., 281 P.2d 179, 181 [1955].

11. *Levi v. Special Indemnity Fund,* Okl., 389 P.2d 620, 622 [1964]; *Special Indemnity Fund v. Hulse,* Okl., 441 P.2d 366, 368 [1968]; *Special Indemnity Fund v. Barnes,* Okl., 434 P.2d 218, 220 [1967] and *Special Indemnity Fund v. Mickey,* Okl., 563 P.2d 123, 125 [1977].

12. *Levi v. Special Indemnity Fund, supra* note 11 and *Special Indemnity Fund v. Hulse, supra* note 11.

## II

## INITIAL AND REOPENING CLAIMS AGAINST THE FUND ARE CONTROLLED BY THE SAME STATUTE OF LIMITATIONS WHICH GOVERNS THE LAST EMPLOYER'S LIABILITY FOR COMPENSATION

■ While claims against the Fund are not controlled by a specific statute of limitations,[13] our case law has come to recognize that the very same time period which governs claims against the last employer also applies to derivative or supplemental claims against the Fund.[14] Every timely claim against the employer, which timely identifies the claimant as a physically impaired person, is deemed timely brought against the Fund.[15] The limitation period that controls the reopening of a claim against an employer similarly applies to allow or to bar any additional liability of the Fund. The terms of 85 O.S. 1981 § 43, the statute in force at the time material to this reopening claim, provided:

" * * * The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the Court had the condition of claimant existed at the time original award was made thereon and unless filed within said period of time, same shall be forever barred." [16]

Although the Fund urges that the claim against it is barred by the quoted terms of § 43, its argument fails to press on us the correct legal norms governing its defense. The timeliness of the last adjudicated reopening claim against the employer determines the timeliness of the attempt to reopen further against the Fund.[17] If the former claim had not been timely brought, the derivative claim against the Fund must fail.

Claimant attempted to establish increased liability of the employer by a reopening claim of March 3, 1983. She sought an award because of her changed condition for the worse. In its Form 10 (pretrial stipulation) the employer interposed a statute-of-limitations defense. The case, initially set for hearing in April 1983, was later rescheduled for August 1983. The joint-petition settlement was reached shortly thereafter and entered below on September 8, 1983.

In *Levi, supra* note 11, the claimant sought to reopen against the Fund alone after making a settlement with his last employer. He sought to predicate the Fund's liability upon an increase in his combined disability since his last prior award against the Fund. Claimant did not seek to increase or to affect the employer's primary liability. The court held that, since the Fund's liability is strictly derivative, there could be no claim against it for increased combined disability without first establishing that the greater aggregate disability flowed from a changed condition due to the last injury.

13. See 85 O.S. 1981 § 171 et seq. and *Special Indemnity Fund v. Mickey, supra* note 11 at 125.

14. See cases cited *supra,* footnote 11. Timeliness in *bringing* a claim against the Fund is not to be confused with timeliness in *pressing it for adjudication.* The latter time limit is measured by the five-year statute in § 43. *Special Indemnity Fund v. Barnes, supra* note 11 at 220 and *Beatty v. Scott,* Okl., 362 P.2d 699, 700 [1961].

15. *Special Indemnity Fund v. Hulse, supra* note 11 at 369.

16. Article 85 O.S. 1981 § 43 was later amended in 1985 (Okl.Sess.L.1985, Ch. 266 § 4) and in 1986 (Okl.Sess.L.1986, Ch. 222 § 17). The applicable portion of the statute, 85 O.S.Supp.1986 § 43 C, now provides:

"The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for that period of time measured by the maximum number of weeks that could be awarded for the particular scheduled member where the change of condition occurred, or for three hundred (300) weeks in the case of injuries to the body or injuries not otherwise scheduled under the provisions of Section 22 of this title, and unless filed within said period of time after the date of the last order, shall be forever barred."

17. *Special Indemnity Fund v. Barnes, supra* note 11; *Special Indemnity Fund v. Hulse, supra* note 11 and *Special Indemnity Fund v. Mickey, supra* note 11; see also footnote 14 *supra* for the distinction between timeliness in bringing a claim and timeliness in its prosecution.

■ Although the employer apparently opted not to press the limitations defense initially asserted in the answer, its later strategy choice of abandoning it could not operate also to waive that defense for the Fund. The time bar, if applicable, remained available to the latter entity. Much like its liability, the Fund's limitations defense is derivative from the employer.

The timeliness of the reopening claim against the employer is to be determined by adding the percentage adjudicated against it in the November 13, 1981 award (5% = 25 weeks) to the amount established by the joint-petition settlement. The latter award, computed at the applicable rate of $90.00 per week for permanent disability, represents 11 weeks plus an insignificant fraction of a day. The maximum time within which a timely reopening claim could have been filed *against the employer* was hence 36 weeks from the last award of November 13, 1981.[18] Because the reopening claim against the employer was filed one year and four months later—on March 3, 1983—it was clearly untimely. Inasmuch as the case against the employer was time barred when brought, no derivative claim could be asserted against the Fund. The trial tribunal's decision denying compensation was hence correct in its result.

■ We note additionally that in the joint-petition settlement proceeding with the employer the claimant failed to preserve any rights to proceed against the Fund.[19] Even if these rights had been preserved, the limitations period for a supplemental award against the Fund could not have been tolled. This is so because, as

reflected by the quantum of the settlement award, the reopening claim against the employer clearly was time barred.

■ The Fund timely interposed a limitations defense and now asserts it on certiorari. When resolving a public-law question, we are free to invoke *sua sponte* the correct applicable theory even though an aggrieved party's brief advanced a different reason for reversal.[20]

Certiorari is granted; the opinion of the Court of Appeals is vacated and the order of the trial tribunal reinstated.

SIMMS, C.J., and HODGES, LAVENDER, HARGRAVE, WILSON, KAUGER and SUMMERS, JJ., concur.

---

18. *Wasson v. Tulsa Dairy Supplies,* Okl., 315 P.2d 773 [1957]. In *Wasson* we held that reopening a claim against an employer because of a 7.5% change of condition for the worse two years after an award of 5% permanent partial disability had been entered was not barred by the statute of limitations. The limitations period was computed by adding the 5% disability and the 7.5% change and multiplying the sum by the maximum number of weeks allowed by 85 O.S. 1981 § 22 of the compensation law for the type of injury sustained.

19. Oklahoma jurisprudence requires that the liability of the Fund on joint petition with the

employer be preserved by a reservation of right to proceed against the Fund at a later date for any material increase that may have resulted from the combination of the prior disability with the subsequent injury. *Special Indemnity Fund of State v. Corbin,* 201 Okl. 5, 199 P.2d 1020, 1021 [1948] and *Berna v. Maloney-Crawford Tank Co.,* Okl., 281 P.2d 736, 738 [1955].

20. *Burdick v. Independent School Dist. No. 52 of Oklahoma City,* Okl., 702 P.2d 48, 54 [1985] and *Special Indemnity Fund v. Reynolds,* 199 Okl. 570, 188 P.2d 841, 842 [1948].