**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Geneva WILSON and the Workers' Compensation Court, Respondents.**

**No. 86934.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 12, 1996.

As Corrected Nov. 19, 1996.

Rehearing Denied March 4, 1997.

Certiorari Denied July 14, 1997.

Henry A. Meyer, III, Pray, Walker, Jackman, Williamson & Marlar, Oklahoma City, for Petitioner.

Susan Jones, Wilson Jones, P.C., Tulsa, for Respondents.

### MEMORANDUM OPINION

RAPP, Chief Judge.

The Special Indemnity Fund appeals the trial court's award of total permanent disability to the claimant, Geneva Wilson, and ordering the Fund to pay the award and attorney's fees.

The facts here are not in dispute and do not require elaboration. The essentials are as follows:

1) Wilson's first injury occurred to her back on February 11, 1989. At this time she did not have any known preexisting compensable injury. For this injury she received an award of 45% to the body as a whole.

2) Wilson's second compensable injury occurred on January 3, 1990. This injury involved her ear. For this she received an award of 1.13% impairment to the body as a whole.

█ Wilson, at the time of her second injury, to the ear, had a prior compensable injury to her back and was thus a " 'physically impaired person' within the meaning of statutory law." *Reynolds v. Special Indemnity Fund*, 725 P.2d 1265, 1268 (Okla.1986).

Wilson, based upon this physically impaired status, then made a claim against the Fund, and as a result, the trial court determined that her combination of injuries caused a 7% material increase to the whole person impairment, and entered an appropriate reward.

Thereafter, Wilson reopened her back injury case on a change of condition for the worse. This matter was joint petitioned in August 1994, settling for a waiver of all claims against the employer for the sum of

$28,500 or a 32.9% increase in permanent disability.[1]

Wilson, with this joint petition, then filed another claim against the Fund, grounding the action upon her change of condition to the back. The trial court, following hearing, determined Wilson to be now totally and permanently disabled and held the Fund liable. The Fund appeals.

We first note Wilson failed to file a response brief, and by order of the supreme court, this matter stands submitted on the Fund's brief. It is too well known to require citation of authority that under such circumstances, the appellate court is under no obligation to search the record in support of arguments contrary to those set out in the submitted brief.[2]

■ Wilson's claim against the Fund is here fatally defective for the reason she sought to impose liability solely against the Fund and not against her employer and the Fund. The Fund *is not* the prime obligator. Its liability is wholly derivative. *Levi v. Special Indemnity Fund,* 389 P.2d 620 (Okla. 1964).

Wilson, as in *Levi,* did not judicially attempt to establish that her greater injury was due to some further change in condition; rather, both Wilson and *Levi* each grounded their claims against the Fund upon the results of their joint petitions, not a determination by the workers' compensation court. In *Levi,* the claimant "sought to predicate the Fund's liability here upon the mere factum of an increase or progression in his combined disability since the last prior separate award was made." *Id.* at 621. The *Levi* court then clearly stated:

> Consistent with this view, liability may not be imposed upon the Fund in the absence of two adjudications by the trial tribunal. An order must first be made in a proceeding against the employer determining the full extent of claimant's permanent disability found to have resulted from the last injury.

*Id.* at 622. The court then denied the claim. Here, the Fund was denied the requisite determinations and the trial court erred in allowing the claim.

■ While the decisional defect violative of *Levi* is fatal, there is another defect. This defect involves the injury sequence. Wilson's back injury is her original injury, and at the time of occurrence, there was no preexisting compensable injury; thus she was not a statutorily "physically impaired person." When she suffered her second injury to the ear, she then became a statutorily "physically impaired person." Based upon the second injury, she then sought and received from the Fund an award for the material increase to bodily disability based upon the combined injuries to both her back and the ear. However, in this matter before us, Wilson now attempts to claim wholly against the Fund for the increased disability to her back resulting from the joint petition. This change of condition increase, obtained by joint petition, is *not* based upon the last compensable injury to the ear. As stated in *Reynolds,* given that timeliness of filing is not an issue, the critical consideration to be ascertained is if, "the reopening attempt against the Fund ... qualif[ies] as one predicated on a further material increase of disability produced by a progression in the *compensable condition* suffered from the last injury and not merely from preexisting noncompensated impairments." *Reynolds,* 725 P.2d at 1267.

As stated, Wilson's back is not the compensable condition of the last injury, which is the ear. The back is the original compensable injury and is not the "progression in the compensable condition" of the injury to the ear. The failure to recognize this distinction was also fatal to the claim.

■ Additionally, Wilson failed to preserve her claim against the Fund in her joint petition which is yet another fatal blow to this claim against the Fund. Examination of

---

1. The claimant in October 1993 also had neck surgery which claimant admits was unrelated.

2. In this matter we note the submitted brief contained authority for only one of its propositions of error thereby removing the balance from consideration. *See Cavett v. Peterson,* 688 P.2d 52 (Okla.1984).

the joint petition for her back injury shows it failed to preserve her right to proceed against the Fund. Footnote 19 of *Reynolds* states the problem:

> Oklahoma jurisprudence requires that the liability of the Fund on joint petition with the employer be preserved by a reservation of right to proceed against the Fund at a later date for any material increase that may have resulted from the combination of the prior disability with the subsequent injury. *Special Indemnity Fund of State v. Corbin,* 201 Okl. 5, 199 P.2d 1020, 1021 [1948] and *Berna v. Maloney–Crawford Tank Co.,* Okl. 281 P.2d 736, 738 [1955].

*Id.* at 1270 n. 19.

Accordingly, for the reasons above stated, the decision of the trial court, is reversed and the claim against the Fund is denied.

REVERSED.

TAYLOR, P.J., and REIF, J., concur.